LAWRENCE A. BURNS, RELATOR, v. POLICE AND FIRE PENSION COMMISSION OF ORANGE, RESPONDENT.

Argued May 5, 1942—Decided July 6, 1942.

Before BROGAN, CHIEF JUSTICE, and Jusices PARKER and PORTER.

For the relator, *Lawrence E. Burns* (*Wilbur J. Bernard*, of counsel).

For the respondent, *Edmond J. Dwyer* (*Joseph F. Zeller*, of counsel).

The opinion of the court was delivered by

PORTER, J. The facts on which this alternative writ of *mandamus* was issued are admitted. A demurrer was filed by the relator.

It appears that the relator served as a police officer of Orange for more than twenty years until he attained the age of fifty when he retired under provisions of the statute creating a fund for the pensioning of policemen and firemen, *N. J. S. A.* 43 :16-1, *et seq.* The salary of relator at the time of his retirement was $3,000 per annum. His pension is one-half that sum. The respondent deducted four per cent. of the salary before retirement for the creation of the pension fund under the provisions of section 5 of the statute, *supra*, and then continued to make the same deduction after retirement. It is the legality of the present deduction which is the sole question for our determination. In other words,

should the deduction be computed on the basis of the active yearly salary or on the amount of the pension now being paid.

Section 3 of the statute, *supra,* provides "The widow of every retired member of the police or fire department, who, while a member of the department, shall have paid into the fund *the full amount of his annual assessments or contributions and continued so to do after his retirement until his death* \* \* \* *shall* \* \* \*, receive a pension, for so long as she remains unmarried, equal to one half of the pay of her deceased husband at the time of his retirement, but not exceeding one thousand dollars, for the use of herself and the children of her deceased husband if any, under sixteen years of age."

It seems to us that this relates to the payments made while one was a member of the fund in active service and paying the sum fixed by statute to create the fund and that such sum then fixed shall continue to be paid "after his retirement until his death." The legislative policy was to create a solvent fund for the purpose of carrying out the pension plan. In order to carry out the legislative intent we think that the statute should be strictly construed.

The action of respondent in retaining the same amount from the pension as was retained from the salary is we think in accordance with the statute.

The writ is dismissed, and judgment will be for the respondent, without costs.